**FILED**
**NOVEMBER 30, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **STEVEN BAILEY** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | COMPLAINT FOR VIOLATION |
| | ) | OF CIVIL RIGHTS |
| CITY OF CHICAGO, and Chicago Police Officers | ) | |
| H. Rodriguez, Star No. 17679, and O. Velazquez, | ) | |
| Star No. 8936, Individually, | ) | |
| | ) | JURY DEMANDED |
| Defendants, | ) | |

**07 C 6756**

**JUDGE BUCKLO**
**MAGISTRATE JUDGE BROWN**

Plaintiff alleges:

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, plaintiff STEVEN BAILEY was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned defendant Chicago Police Officer, H. RODRIGUEZ, Star No. 17679 ("RODRIGUEZ") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or

representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

5.  At all times herein mentioned defendant Chicago Police Officer, O. VELAZQUEZ, Star No. 8936 ("VELAZQUEZ") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

6.  At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

7.  On or about December 3, 2006, Plaintiff was lawfully in a public place, in the City of Chicago, County of Cook, State of Illinois.

8.  At that time and place defendants seized plaintiff.

9.  During the course of seizing plaintiff one or both defendants used force against plaintiff.

10. There was no legal cause for defendants to use force against plaintiff.

11. By reason of the above-described acts and omissions of defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

12. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the

awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

13. By reason of the above-described acts and omissions of defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

### COUNT I
### Plaintiff Against Defendants RODRIGUEZ and VELAZQUEZ for EXCESSIVE FORCE

14. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirteen (13) hereat as though fully set forth at this place.

15. During and immediately after plaintiff's seizure defendants used excessive force against plaintiff's person.

16. There was no legal cause for defendants to use force against plaintiff.

17. By reason of defendants' conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

18. The physical violence inflicted upon plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights. Therefore, defendant is liable to plaintiff pursuant to 42 U.S.C. § 1983.

### COUNT II
### Plaintiff Against defendants RODRIGUEZ, VELAZQUEZ, and the CITY OF CHICAGO For The State Supplemental Claims Of Assault and Battery

19. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through thirteen

(13) hereat as though fully alleged at this place.

20. The defendants' willful and wanton acts placed plaintiff in reasonable apprehension of receiving an imminent battery. Placing plaintiff in reasonable apprehension of receiving a battery constituted an assault of all the plaintiffs.

21. As a result of being placed in reasonable apprehension of receiving an imminent battery plaintiff sustained emotional distress.

22. The defendants' willful and wanton acts of physical violence against plaintiff were offensive contact to his person.

23. Plaintiff did not consent to defendants making any contact with his person.

24. The offensive contact to plaintiff's person constituted a battery that caused him pain, physical injury, and emotional distress.

25. The CITY OF CHICAGO is liable to plaintiff for the acts of RODRIGUEZ and/or VELAZQUEZ pursuant to the doctrine of *respondeat superior*.

26. Therefore, defendants RODRIGUEZ and/or VELAZQUEZ, and the CITY OF CHICAGO are liable under the state supplemental claims of Assault and Battery.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

      6.      That Plaintiff have such other and further relief as this Court may deem just and proper.

                                                    By:  s/Garrett Browne
                                                               Garrett Browne

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                                                    BY: s/Garrett Browne
                                                           Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com