# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN BAILEY | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 6756 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, and Chicago Police | ) | Judge Bucklo |
| Officers H. Rodriguez, Star No. 17679, | ) | |
| and O. Velazquez, Star No. 8936, | ) | Magistrate Judge Soat Brown |
| Individually, | ) | |
| | ) | JURY DEMANDED |
| Defendants, | ) | |

## DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendant City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, and Individual Defendants H. Rodriguez and O. Velasquez (jointly referred to herein as the "Individual Defendant Officers"), by and through one of their attorneys, Christopher Allen Wallace, Assistant Corporation Counsel of the City of Chicago, (collectively referred to hereinafter as "Defendants"), respectfully submit the following joint answer to plaintiff's complaint, affirmative defenses and jury demand.

### JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983].  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

**ANSWER:**      **Defendants admit that jurisdiction in this Court is proper.**

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:**      **Defendants admit that venue in this district is proper.**

### PARTIES

3.      At all times herein mentioned, plaintiff STEVEN BAILEY was and is a citizen of the United States, and was within the jurisdiction of this court.

**ANSWER:** **Defendants admit, upon information and belief, the allegations set**

**forth in paragraph three.**

4.    At all times herein mentioned defendant Chicago Police Officer, H. RODRIGUEZ, Star No. 17679 ("RODRIGUEZ") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

**ANSWER:** **Defendants admit the allegation set forth in paragraph four.**

5.    At all times herein mentioned defendant Chicago Police Officer, O. VELAZQUEZ, Star No. 18936 ("VELAZQUEZ") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative, of the Chicago Police Department. This Defendant is being sued in their individual capacity.

**ANSWER:** **Defendants admit the allegations set forth in paragraph five.**

6.    At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**ANSWER:** **Defendants admit the allegations set forth in paragraph six.**

### FACTUAL ALLEGATIONS

7.    On or about December 3, 2006, Plaintiff was lawfully in a public place, in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:** **Defendants lack knowledge and information sufficient to form a**

**belief as to the allegations set forth in paragraph seven as stated. Defendants deny the**

**allegations set forth in paragraph seven to the extent it refers all relevant times relating to**

**this occurrence.**

8.    At that time and place defendants seized plaintiff.

**ANSWER:** **Defendants admit that at some point plaintiff was seized.**

9.    During the course of seizing plaintiff one or both defendants used force against plaintiff.

**ANSWER:** **Defendants lack knowledge and information sufficient to form a**

belief as to the truth or falsity of the allegation that "force" was used.  Answering further,

Defendants deny engaging in any wrongful conduct.

10.     There was no legal cause for defendants to use force against plaintiff.

ANSWER:     Defendants lack knowledge and information sufficient to form a

belief as to the truth or falsity of the allegation that "force" was used.  Answering further,

Defendants deny engaging in any wrongful conduct.

11.     By reason of the above-described acts and omissions of defendants, Plaintiff
sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental
and emotional pain and suffering all to his damage in an amount to be ascertained.

ANSWER:     Defendants deny the allegations set forth in paragraph eleven.

12.     The aforementioned acts of defendants were willful, wanton, malicious, oppressive
and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the
awarding of exemplary and punitive damages in an amount to be ascertained according to proof at
the time of trial.

ANSWER:     Defendants deny the allegations set forth in paragraph twelve.

13.     By reason of the above-described acts and omissions of defendants, Plaintiff was
required to retain an attorney to institute, prosecute and render legal assistance to him in the within
action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff
requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C.
Section 1988, the Equal Access to Justice Act or any other provision set by law.

ANSWER:     Defendants deny the allegations set forth in paragraph thirteen.

COUNT I
Plaintiff Against Defendants RODRIGUEZ and VELAZQUEZ for
EXCESSIVE FORCE

14.     Plaintiff's hereby incorporate and reallege paragraphs one (1) through thirteen (13)
hereat as though fully set forth at this place.

ANSWER:     Defendants reassert their answers contained in the preceding

paragraphs one through thirteen and incorporate their answers herein, as though fully

stated.

3

15.    During and immediately after plaintiff's seizure defendants used excessive force against plaintiff's person.

ANSWER:    **Defendants deny the allegations set forth in paragraph fifteen.**

16.    There was no legal cause for defendants to use force against plaintiff.

ANSWER:    **Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegation that "force" was used. Defendants deny the allegations set forth in paragraph sixteen to the extent plaintiff alleges any wrongful conduct on the part of Defendants.**

17.    By reason of defendants' conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

ANSWER:    **Defendants deny the allegations set forth in paragraph seventeen.**

18.    The physical violence inflicted upon plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights. Therefore, defendant is liable to plaintiff pursuant to 42 U.S.C. § 1983.

ANSWER:    **Defendants deny the allegations set forth in paragraph eighteen.**

*WHEREFORE, Defendants request this Court enter judgment in their favor and against plaintiff and enter any other relief in favor of Defendants and against plaintiff that this Court deems just and proper.*

## COUNT II
**Plaintiff Against defendants RODRIGUEZ, VELAZQUEZ , and the CITY OF CHICAGO
For The State Supplemental Claims Of Assault and Battery**

19.    Plaintiff hereby incorporates and re-alleges paragraphs one (1) through thirteen (13) hereat as though fully alleged at this place.

ANSWER:    **Defendants reassert their answers contained in the preceding paragraphs one through thirteen and incorporate their answers herein, as though fully stated.**

20.    The defendants' willful and wanton acts placed plaintiff in reasonable apprehension of receiving an imminent battery. Placing plaintiff in reasonable apprehension of receiving a battery constituted an assault of all the plaintiffs.

ANSWER:    **Defendants deny the allegations set forth in paragraph twenty.**

21.    As a result of being placed in reasonable apprehension of receiving an imminent battery plaintiff sustained emotional distress.

ANSWER:    **Defendants deny the allegations set forth in paragraph twenty-one.**

22.    The defendants' willful and wanton acts of physical violence against plaintiff were offensive contact to his person.

ANSWER:    **Defendants deny the allegations set forth in paragraph twenty-two.**

23.    Plaintiff did not consent to defendants making any contact with his person.

ANSWER:    **Defendants deny the allegations set forth in paragraph twenty-three.**

24.    The offensive contact to plaintiff's person constituted a battery that caused him pain, physical injury, and emotional distress.

ANSWER:    **Defendants deny the allegations set forth in paragraph twenty-four.**

25.    The CITY OF CHICAGO is liable to plaintiff for the acts of RODRIGUEZ and VELAZQUEZ pursuant to the doctrine of respondeat superior.

ANSWER:    **Defendants deny that plaintiff has correctly, accurately or completely stated the nature of the City's liability under Illinois law, if any.**

26.    Therefore, defendants RODRIGUEZ and/or VELAZQUEZ, and the CITY OF CHICAGO are liable under the state supplemental claims of Assault and Battery.

ANSWER:    **Defendants deny the allegations set forth in paragraph twenty-six.**

5

*WHEREFORE, Defendants request this Court enter judgment in their favor and against plaintiff and enter any other relief in favor of Defendants and against plaintiff that this Court deems just and proper.*

## AFFIRMATIVE DEFENSES

1.      The Individual Defendant Officers are entitled to qualified immunity. They are governmental officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in plaintiff's complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted these police officers could have believed their actions to be lawful, in light of clearly established law and the information the officers possessed.

2.      Under Section 201 of the Local Government and Governmental Employee Tort Immunity Act ("Tort Immunity Act"), the Individual Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts. 745 ILCS 10/2-201 (2002).

3.      Under Section 202 of the Tort Immunity Act, the Individual Defendant Officers are not liable for injuries claimed in plaintiff's state law claims because, as public employees, they are not liable for acts or omissions in the execution or enforcement of the law unless their conduct constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2002). The Individual Defendant Officers were engaged in the execution and enforcement of the law and their conduct was not willful and wanton.

4.      Under Section 204 of the Tort Immunity Act, the Individual Defendant Officers are not liable for injuries claimed under plaintiff's state law claims because they are not liable for injuries caused by the acts or omission of other persons. 735 ILCS 10/2-204 (2002).

5.     Under Section 208 of the Tort Immunity Act, the Individual Defendant Officers are not liable for injuries allegedly caused by the instituting or prosecuting of any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause.  745 ILCS 10/2-208 (2002).

6.     Under Section 109 of the Tort Immunity Act, the City of Chicago is not liable to plaintiff if its employees are not liable to plaintiff.  745 ILCS 10/2-109 (2002).

7.     Under Section 102 of the Tort Immunity Act, the City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party.  745 ILCS 10/2-102 (2002).

8.     Any award of damages against the Defendants shall be reduced in proportion to the comparative fault of plaintiff's own acts or omissions, including but not limited to plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages.

9.     To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

## JURY DEMAND

Defendants request trial by jury.

DATED:  March 10, 2008

Respectfully submitted,

City of Chicago
Mara S. Georges
Corporation Counsel


By:  /s/ *Christopher A. Wallace*
       Christopher A. Wallace
Assistant Corporation Counsel
*Attorney for Defendant City of Chicago*


City of Chicago Department of Law
30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
T: (312) 742-6408
F: (312) 744-6566
ARDC # 6278655

Officer Rodriguez
Officer Velasquez


By:  /s/ *Christopher A. Wallace*
       Christopher A. Wallace
Assistant Corporation Counsel
*Attorney for Individual Defendants*


City of Chicago Department of Law
Individual Defense Litigation Division
30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
T: (312) 742-6408
F: (312) 744-6566
ARDC # 6278655


## CERTIFICATE OF SERVICE

I, Christopher Wallace, hereby certify that on March 10, 2008, I caused a copy of the foregoing Joint Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand to be served upon all counsel of record by filing the same before the Court via the Court's ECF system.

/s/ *Christopher Wallace*
Christopher Wallace